UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN JONES; SHELLY JONES,

                Plaintiffs,

-against-

JUDGE CHRISTI J. ACKER,

                Defendant.

24-CV-7904 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who are proceeding *pro se*, filed this pleading entitled "Writ of Quo Warrento," asserting violations of their constitutional rights. By order dated December 11, 2024, the Court granted their requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses this action, but grants Plaintiffs 30 days' leave to replead the claims in an amended complaint, as specified below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiffs Warren Jones and Shelly Jones, who reside in Poughkeepsie, New York, filed this action against Justice Christi J. Acker, of the New York Supreme Court, Dutchess County. Their pleading is difficult to understand, because it is comprised mostly of legal jargon and contains no facts about the events giving rise to this action. The Court assumes that Plaintiffs are suing Justice Acker because she is or was presiding over a state-court matter in which they were involved. (ECF 1 at 6.) Plaintiffs allege that Justice Acker acted without jurisdiction, violated their rights to due process, and committed an unspecified "tort" against them. (ECF 1 at 7.)

By way of example, Plaintiffs allege:[1]

> **Whereas** i claim my status by parentage, birthright, and as a direct blood descendant ab initio A.O. 1730 aforestated, the prosperity of the people who formed the American Union of the several states of the United States of America and who are recognized internationally by King Christian III of England as sovereign in the Paris Peace Treaty, A.O. 1783. Those people create and scribed upon the written **Declaration of Independence,** A.O. 1776; the **Articles of Confederation,** A.O. 1776 (The Constitution For the Commonwealth of Virginia) , A.O. 1776 (The Written Constitution For the United States of America), as amended A.O. 1791 (and, also created the Union of the several states and land of The United States of America and grant limited powers of their sovereignty of those Nations-States formed[.]

(*Id.* at 2.)

Plaintiffs seek "a writ of quo warranto against [Justice] Acker to challenge their authority to hold office"; "damages for the tort claim, including compensatory and punitive damage"; and any "such other and further relief as the Court deems just and proper." (*Id.* at 6.)

## DISCUSSION

### A.    Federal pleading rules

The complaint does not comply with Rule 8's requirement that it provide a short and plain statement explaining what happened and showing that Plaintiffs are entitled to relief. The complaint contains only legal terminology and general allegations that Plaintiffs' rights were violated, which are essentially just legal conclusions. Plaintiffs do not provide the factual detail necessary for the Court to understand exactly what occurred or whether Justice Acker, or anyone else, may be held legally responsible for violating their rights. *See Iqbal*, 556 U.S. at 678 (a complaint must "allow[] the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged").

---

[1] The Court quotes from the complaint verbatim. All capitalization, punctuation, omissions, and grammar are in the original.

3

The Court grants Plaintiffs leave to file an amended complaint to provide more information about the events giving rise to this action.

**B.     Judicial immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Moreover, 42 U.S.C. 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Rather, where an appeal is available, declaratory relief also is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Finally, where a plaintiff seeks injunctive relief, the plaintiff must seek to remedy a harm that is prospective. *See, e.g.*, *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1

4

(E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against the judge in part because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

Plaintiffs provide no facts regarding the events giving rise to this action. They have thus failed to allege any facts showing that Justice Acker acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiffs do not include any facts, there is no indication that Justice Acker acted beyond the scope of her judicial responsibilities, and therefore immunity is presumed. Moreover, Plaintiffs allege no facts suggesting that a declaratory decree was violated, that declaratory relief was unavailable, or that an appeal is unavailable.

The Court therefore dismisses Plaintiffs' claims against Justice Acker under the doctrine of judicial immunity, because they seek monetary relief against a Defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, such claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

## LEAVE TO AMEND GRANTED

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally should grant self-represented plaintiffs an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiffs' *pro se* status, and in an abundance of caution, the Court grants Plaintiffs 30 days' leave to replead their claims in an amended complaint, as specified above, should they wish to do so, to detail their claims.

If Plaintiffs do not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiffs' complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous and on immunity grounds, 28 U.S.C. § 1915(e)(2)(B)(i), (iii) and for failure to state a claim on which relief may be granted, § 1915(e)(2)(B)(ii). The Court grants Plaintiffs 30 days' leave to replead their claims in an amended complaint, as specified in this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   January 6, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

\_\_\_\_ Civ. _____ ( \_\_\_\_ )

**AMENDED COMPLAINT**

Jury Trial: ☐ Yes   ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.   **Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

B.   List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                                            1

Defendant  No. 1     Name  _____
                    Street Address  _____
                    County, City  _____
                    State & Zip Code  _____
                    Telephone Number  _____

Defendant  No. 2     Name  _____
                    Street Address  _____
                    County, City  _____
                    State & Zip Code  _____
                    Telephone Number  _____

Defendant  No. 3     Name  _____
                    Street Address  _____
                    County, City  _____
                    State & Zip Code  _____
                    Telephone Number  _____

Defendant  No. 4     Name  _____
                    Street Address  _____
                    County, City  _____
                    State & Zip Code  _____
                    Telephone Number  _____

**II.     Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

   ☐ Federal Questions   ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

  Plaintiff(s) state(s) of citizenship _____
  Defendant(s) state(s) of citizenship _____
  _____

**III.   Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? _____
_____

B. What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C. Facts: _____

**What happened to you?**

_____
_____
_____
_____

**Who did what?**

_____
_____
_____

**Was anyone else involved?**

_____
_____

**Who else saw what happened?**

_____
_____
_____
_____

**IV.   Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                                  Signature of Plaintiff   _____

                                  Mailing Address        _____

                                                                    _____

                                                                     _____

                                  Telephone Number   _____

                                  Fax Number *(if you have one)*   _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.   Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                                  Signature of Plaintiff:   _____

                                  Inmate Number           _____

*Rev. 12/2009*                                                             4