UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELLY JONES; WARREN JONES,

                Plaintiffs,

-against-

JUDGE CHRISTI ACKER; FEIN, SUCH, & CRAIN LLP; BLANK ROME; PENNYMAC LOAN SVCS, LLC,

                Defendants.

24-CV-7904 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiffs, who are proceeding pro se and in forma pauperis ("IFP"), filed a "WRIT OF QUO WARRANTS,"[1] alleging that Justice Christi Acker of the New York State Supreme Court, Westchester County, violated their rights during unspecified proceedings in that court. By order dated January 7, 2025, the Court dismissed the complaint with leave to replead to allow Plaintiffs to address deficiencies in their original pleading. Plaintiffs filed an amended complaint on February 6, 2025, and another supplemental pleading on April 10, 2024. (ECF 10, 11.) The Court has reviewed the allegations in both submissions, and dismisses this action for the reasons set forth below.

## BACKGROUND

    Plaintiffs' original complaint was difficult to understand because it consisted largely of legal jargon and contained few facts about the events underlying this action. Plaintiffs, who reside in Poughkeepsie, New York, alleged generally that Justice Acker acted without

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

jurisdiction, violated their rights to due process, and committed an unspecified "tort" against them, presumably in a matter over which she was presiding. (ECF 1 at 7.)

By order dated January 7, 2025, the Court dismissed the complaint because it did not provide the factual detail necessary for the Court to understand exactly what occurred or whether Justice Acker, or anyone else, could be held legally responsible for violating their rights. In that order, the Court explained that Justice Acker was immune from suit unless she acted outside her jurisdiction, and that there were no allegations in the original complaint that she had done so. (ECF 9.)

In the amended complaint filed on February 6, 2025, Plaintiffs again name Justice Acker, and they added the following new Defendants: (1) Fein, Such, & Crain LLP; (2) Blank Rome; and (3) Pennymac Loan Svcs., LLC ("Pennymac"). (ECF 10.) Plaintiffs provide New York addresses for Fein, Such, & Crain LLP and Blank Rome but provide no address for Pennymac.

In the amended complaint, Plaintiffs explain that this matter arises out of a 2019 state-court foreclosure proceeding. (*Id.* at 3.) They assert that their house was "illegally foreclosed upon," and that Justice Acker acted without jurisdiction, violated their right to due process, and was "bias[ed]" and "erred" in granting summary judgment to Pennymac. (*Id.* at 4.) Plaintiffs further claim that they were denied a "fair hearing" because no "live witnesses" were presented, and because Defendants failed "to disclose critical evidence" and provided "misleading information." (*Id.*) The only allegations about the new Defendants are that Fein, Such, & Crain LLP and Blank Rome acted as "legal representatives in" the state court matter, and that Pennymac is a "third-party creditor." (*Id.*)

Plaintiffs seek $100,000 from each Defendant because "fraudulent and illegal transactions have taken place which have significantly injured [them] financially and emotionally." (*Id.* at 5.)

In the submission filed on April 10, 2025, Plaintiffs respond to a letter from counsel for Pennymac and Blank Rome, which is attached to the submission. (ECF 11 at 3-7.)

## DISCUSSION

**A.    Federal claim**

The Court construes the amended complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**1.    Justice Acker**

Because the amended complaint makes clear that Plaintiffs' claims against Justice Acker arise from actions she took while presiding over the foreclosure case, their claims against her are dismissed, for the reasons set forth in the January 6, 2025 order. Those claims are dismissed under the doctrine of judicial immunity, because they seek monetary relief against a Defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, such claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**2.    Fein, Such, & Crain LLP, Blank Rome, and Pennymac**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723

3

F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Fein, Such, & Crain LLP; Blank Rome; and Pennymac are private parties who are not alleged to work for any state or other government body, Plaintiffs have not stated a claim against these defendants under Section 1983.

In any event, to state a claim under Section 1983, plaintiffs must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

The only allegations in the amended complaint are that Fein, Such, & Crain LLP and Blank Rome acted as "legal representatives" in the foreclosure matter in state court, and that Pennymac was a "third-party creditor." (ECF 10 at 4.) The Court cannot find, based on these allegations, that Defendants violated Plaintiffs' constitutional or other federally protected rights. Plaintiff's claims against them are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[2] Under most circumstances, this Court is precluded from reviewing final state-court orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (the *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, . . . unless otherwise provided by Congress, *see, e.g.*, 28 U.S.C. § 2254 (habeas corpus review)."). The proper way to challenge a final state-court

B.  **State law claims**

   1.  **Diversity of citizenship jurisdiction**

Plaintiffs do not allege facts suggesting that they seek to assert any claims under state law. Even if they are seeking to assert a legal malpractice claim or other claim arising under state law, however, the amended complaint does not suggest that the Court has diversity of citizenship jurisdiction of this matter. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiffs fail to allege facts demonstrating diversity of citizenship, or that the amount in controversy has been met.[3]

   2.  **Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

---

order or judgment is to appeal to the New York State Supreme Court, Appellate Division, Second Department, rather than seeking review in federal court.

   [3] The Court takes no position on the merits of any complaint Plaintiffs would file in state court regarding these matters.

supplemental jurisdiction of any state law claims Plaintiffs may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.    Further leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiffs another opportunity to amend.

## CONCLUSION

Plaintiffs' amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter civil judgment dismissing this action.

SO ORDERED.

Dated:    May 28, 2025
          New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.